UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

  v.           Case No. 04-cr-126-01/06-PB

**Robert J. Gagalis, et al.**

MEMORANDUM AND ORDER

  Defendants are charged with several counts of securities fraud in connection with their roles as officers and employees of Enterasys Network Systems, Inc. ("Enterasys"). Before me is their motion to dismiss contending that counts two and three of the superseding indictment are multiplicitous and counts four and five are duplicitous. The government objects. I decline to dismiss any of the challenged counts for the reasons set forth below.

A. **Multiplicity and Duplicity**

  "An indictment is multiplicitous and in violation of the Fifth Amendment's Double Jeopardy Clause if it charges a single offense in more than one count." United States v. Brandon, 17 F.3d 409, 422 (1st Cir. 1994). A multiplicitous indictment

creates two potential problems: first, the defendant might receive multiple sentences for the same offense; second, the jury may be improperly prejudiced by the suggestion that the defendant has committed several crimes instead of one. United States v. Langford, 946 F.2d 798, 802 (11th Cir. 1991).

Duplicity, in contrast, is "the joining in a single count of two or more distinct and separate offenses." United States v. Verrecchia, 196 F.3d 294, 297 (1st Cir. 1999). "The prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." Id. (quotation and brackets omitted). A duplicitous count also poses the danger that the defendant might be prejudiced in a subsequent double jeopardy defense. United States v. Schlei, 122 F.3d 944, 977 (11th Cir. 1997).

To assess whether the indictment is either multiplicitous or duplicitous, I first determine the appropriate "unit of prosecution" under the relevant statute. See Verrecchia, 196 F.3d at 297; United States v. Waldman, 579 F.2d 649, 654 (1st Cir. 1978). Identifying the appropriate unit of prosecution is a matter of statutory interpretation. See, e.g., Verrecchia, 196

F.3d at 297-98. "It is Congress, and not the prosecution, which establishes and defines offenses." Sanabria v. United States, 437 U.S. 54, 69 (1978).

If Congress's intent as to the appropriate unit of prosecution is unclear, a court should apply the rule of lenity to resolve the ambiguity. Bell v. United States, 349 U.S. 81, 83 (1955); see also Callanan v. United States, 364 U.S. 587, 596 (1961). Accordingly, "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." Bell, 349 U.S. at 84.

## B. Counts Two and Three

Counts two and three charge the defendants with violating 15 U.S.C. § 78j(b) ("Section 10(b)"), 15 U.S.C. § 78ff, 17 C.F.R. § 240.10b-5 and 18 U.S.C. § 2[1] by (1) employing devices, schemes and artifices to defraud; (2) making untrue statements of material fact; and (3) engaging in acts, practices, and courses

---

[1] 15 U.S.C. § 78ff imposes criminal liability for willful violations of the Securities Exchange Act of 1934 ("Exchange Act") and regulations promulgated thereunder. 18 U.S.C. § 2 is the federal aiding and abetting statute. 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 are discussed in detail below.

of business that operated as a fraud and deceit upon purchasers of Enterasys securities.  Superseding Indictment ¶¶ 98, 100. Count two is based on an allegedly false and misleading press release concerning the company's financial results for its fiscal quarter ending September 1, 2001.  Id. ¶¶ 95, 98.  Count three is based on an allegedly false and misleading Form 10-Q for the same quarter that Enterasys filed with the Securities and Exchange Commission ("SEC").  Id. ¶¶ 96, 100.  Enterasys issued the press release on September 26, 2001 and filed the Form 10-Q on October 16, 2001.

    Counts two and three track the language of Rule 10b-5, which the SEC promulgated under § 10(b) of the Exchange Act (codified at 15 U.S.C. § 78j(b)).  Section 10(b) provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .
>
> > (b) To use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j.  Rule 10b-5 clarifies § 10(b) by specifying that

-4-

the "manipulative or deceptive device or contrivance" to which the statute refers can consist of "any device, scheme, or artifice to defraud," "any untrue statement [or omission] of a material fact," or "any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person . . . ."  17 C.F.R. § 240.10b-5.

The parties agree that the unit of prosecution in this case is the use by the defendants of a "manipulative or deceptive device or contrivance."[2]  They disagree, however, as to whether

---

[2] Many of the early securities fraud cases identified the purchase or sale transaction as the appropriate unit of prosecution.  See, e.g., Sanders v. United States, 415 F.2d 621, 626 (5th Cir. 1969) (holding that "each fraudulent offer or sale of any security accompanied by mailing" is a separate crime under 15 U.S.C. § 77q(a)); accord United States v. Phillips, 726 F.2d 417, 419 n.6 (8th Cir. 1984); Waldman, 579 F.2d at 654; United States v. Dioguardi, 492 F.2d 70, 83 (2d Cir. 1974).  Focusing on each particular purchase or sale of stock is inconsistent with the rule of lenity in cases like the present one, however, because defendants are charged with perpetrating a fraud on the securities market.  In such cases, thousands of purchases or sales could result from the use by the defendants of a single deceptive device.  It obviously is not consistent with the principle of lenity to construe § 10(b) to permit a separate charge for each purchase or sale transaction in fraud on the market cases.  Moreover, as other courts have noted, the purchase or sale of securities "does not describe the prohibited conduct;" it merely "positions the illegal activity within the framework of the Securities Exchange Act."  United States v. Haddy, 134 F.3d 542, 548 (3d Cir. 1998).  Instead, the appropriate unit of prosecution is the use of a manipulative or deceptive device,

the allegedly false and misleading statements identified in counts 2 and 3 can qualify as separate deceptive devices under § 10(b).  Defendants argue that a scheme to defraud constitutes a single deceptive device under § 10(b) that must be brought in one count even if the scheme is accomplished through the use of multiple false statements.  Thus, they argue that counts 2 and 3 can support only one charge because the statements on which both counts are based are part of the same alleged scheme to defraud.  The government contends that separate false statements made on different dates to different audiences can support separate counts under § 10(b) even if the statements are intended to further a common scheme.  I find the government's argument on this point persuasive.

In general, if Congress chooses to criminalize a scheme, the unit of prosecution will be the scheme rather than the specific acts that constitute the means by which the scheme is effectuated.  See, e.g., United States v. Lilly, 983 F.2d 300, 303-04 (1st Cir. 1992) (multiple misstatements that are part of a

---

because "[i]t is the deception that is illegal, not the sale of the securities themselves." United States v. Goodwin, No. 03-cr-10197, 2004 WL 769312, at *2 (D. Mass. April 12, 2004).

single execution of a scheme should be prosecuted in a single count in a prosecution under 18 U.S.C. § 1344 because the statute punishes "a scheme or artifice . . . to defraud").  In contrast, if Congress punishes acts that are undertaken in furtherance of a scheme, the unit of prosecution will be the acts rather than the scheme.  See, e.g., Badders v. United States, 240 U.S. 391, 394 (1916) (each mailing of letter in furtherance of scheme to defraud is a separate offense).

     Section 10(b) does not fit neatly into either category because, as clarified by Rule 10b-5, it punishes both schemes to defraud and discrete acts in furtherance of a scheme to defraud.  In this sense, § 10(b) is like 18 U.S.C. § 1001, which punishes both falsification by means of a scheme and the making of false statements in furtherance of a scheme.  As other courts have recognized, a § 1001 violation can be brought either as a single count charging a scheme that involves one or more false statements or as multiple counts charging distinct false statements.  See, e.g., United States v. Hubbell, 177 F.3d 11, 14 (D.C. Cir. 1999).  The same is true here.  Thus, I reject defendants' argument that separate false or misleading statements that are part of a common scheme must always be joined in a

single count in a prosecution under § 10(b).

Defendants alternatively contend that counts two and three are multiplicitous because the press release and Form 10-Q concerned the same fiscal reporting period and included essentially the same false statements.  This argument is unavailing because even if the documents included similar statements, they were published weeks apart and necessarily impacted the securities market in different ways.[3]  Because investors are constantly buying and selling securities, each misleading publication concerning Enterasys's financial status caused additional harm to the market.  Thus, the government is entitled to base separate charges on each statement.  Cf. United States v. Salas-Camacho, 859 F.2d 788, 791 (9th Cir. 1988) (upholding two convictions under § 1001 for defendant's identical false statements to two government agents where second statement further impaired government operations).

---

[3] I do not mean to suggest that repetition of the same false statement to the same audience necessarily results in multiple securities fraud violations.  Cf. United States v. Olsowy, 836 F.2d 439, 443 (9th Cir. 1987) (holding that identical false statements made to the same audience in response to identical questions cannot result in multiple convictions under 18 U.S.C. § 1001).  Here, the press release and Form 10-Q impacted different audiences because of the constantly changing nature of the market for Enterasys's stock.

**C.   Count Four**

Defendants next argue that count four should be dismissed because it is duplicitous.  Count four, entitled "Securities Fraud: False Books and Records; Aiding and Abetting," charges that the defendants:

> [K]nowingly and willfully, directly and indirectly, falsified and caused to be falsified, books, records, and accounts of Enterasys.  Specifically, the defendants: (I) improperly recorded, and caused others to improperly record, revenue in Enterasys' books; and (ii) altered and backdated, and caused others to alter and backdate, sales documents associated with the Ariel and Tech Data transactions.
>
> All in violation of Title 15, United States Code, Sections 78m(b)(2)(A), 78m(b)(5) and 78ff, Title 17, Code of Federal Regulations, Section 240.13b2-1, and Title 18, United States Code, Section 2.

Superseding Indictment ¶ 102.

Defendants contend that count four should be dismissed because "it charges as a single offense multiple falsifications of multiple books and records in connection with multiple transactions or dispositions."  Mem. of Defs. in Supp. of Mot. to Dismiss at 5 (emphasis omitted).  The government counters that count four is not duplicitous because it "describes multiple means by which the defendants falsified Enterasys'[s] financial

-9-

records." Govt.'s Objection to Defs.' Mot. to Dismiss at 5.

As before, I must examine the relevant statutory language to determine the appropriate unit of prosecution. Count four tracks the language of Rule 13b2-1 (17 C.F.R. § 240.13b2-1), which provides that "[n]o person shall directly or indirectly, falsify or cause to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Securities Exchange Act." 17 C.F.R. § 240.13b2-1.[4] Under the plain language of Rule 13b2-1, the appropriate unit of prosecution is the falsification of a book, record or account.

Count four describes two instances in which defendants allegedly violated Rule 13b2-1: first, by improperly recording revenue in Enterasys's books; second, by altering and backdating sales documents associated with two transactions. Count four thus alleges at least two distinct falsifications of Enterasys's books and records. Accordingly, I conclude that count four is duplicitous because it charges defendants with separate violations of Rule 13b2-1.

---

[4] Section 13(b)(2)(A) of the Exchange Act, codified at 15 U.S.C. § 78m(b)(2)(A), provides that every issuer shall "make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer."

Despite this duplicity problem, dismissal of count four is not warranted.  As discussed above, the primary concern that is presented by a duplicitous count is that the jury might find defendants guilty without having reached a unanimous verdict on the commission of any particular offense.  I can address this concern by giving an instruction that the jury must unanimously agree on the specific falsification on which their verdict is based.  Thus, if the government presents evidence of multiple violations of Rule 13b2-1 in order to prove the allegations in count four, defendants may renew their request for an instruction that the jury must unanimously agree on at least one falsification of a book, record or account in order to convict. See Verrecchia, 196 F.3d at 298-99.

D.  **Count Five**

Defendants also argue that count five is duplicitous.  Count five of the superseding indictment, entitled "Securities Fraud: False Statements to Auditors; Aiding and Abetting," charges that the defendants:

> [K]nowingly and willfully made, and caused to be made, materially false and misleading statements, and omitted to state or caused others to omit to state material facts, necessary to make the statements made not misleading, to Enterasys' outside auditors, in connection with an examination of the financial

-11-

statements, quarterly review, and the preparation and filing of a document and report required to be filed with the SEC. Specifically, the defendants: (a) concealed, and caused others to conceal, from Enterasys' outside auditors, revenue associated with the GEMMS, Paraprotect and Worldlink transactions so as to hide the true substance of those transactions; (b) stated and caused others to state that the altered Letter of Agreement in the Ariel transaction was executed on or about August 31, 2001, when, in fact, they knew it was not executed until on or about September 20, 2001; (c) concealed and caused others to conceal the secret side letters in the Ariel and Tech Data transactions; and (d) falsely stated, and caused others to falsely state, in a management representation letter that: (I) the company had made available to its outside auditors all relevant records, including side letters; (ii) there had been no instances of fraud by any member of management and by employees who have significant roles in internal control; (iii) there had been no instances of fraud by others at Enterasys that could have a material effect on the company's financial information; (iv) there had been no violations and no possible violations of laws or regulations the effects of which should be considered for disclosure in financial information; and (v) revenue recognized had been modified to the extent appropriate when a right of return or other significant future obligation existed.

All in violation of Title 15, United States Code, Sections 78ff, Title 17, Code of Federal Regulations, Section 240.13b2-2, and Title 18, United States Code, Section 2.

Superseding Indictment ¶ 104.

Count five tracks the language of Rule 13b2-2 (17 C.F.R. § 240.13b2-2). In 2001, when defendants' alleged conduct occurred, Rule 13b2-2 provided:

-12-

>    No director or officer of an issuer shall, directly or indirectly,
>
>    (a) Make or cause to be made a materially false or misleading statement, or
>
>    (b) Omit to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in the light of the circumstances under which such statements were made, not misleading to an accountant in connection with (1) any audit or examination of the financial statements of the issuer required to be made pursuant to this subpart or (2) the preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise.

17 C.F.R. § 240.13b2-2 (2003) (amended May 28, 2003).

Under the plain language of Rule 13b2-2, the appropriate unit of prosecution is the making of a materially false or misleading statement (or the omission of a material fact). Count five alleges multiple instances in which defendants made false or misleading statements to Enterasys' outside auditors. Specifically, defendants are accused of: (1) concealing revenue associated with the GEMMS, Paraprotect and Worldlink transactions; (2) falsely stating that the altered Letter of Agreement in the Ariel transaction was executed on or about August 31, 2001; (3) concealing secret side letters in the Ariel and Tech Data transactions; and (4) making false statements in a

-13-

management representation letter.  Count five is duplicitous because each of these alleged statements or omissions constitutes a separate violation of Rule 13b2-2.

As discussed above, dismissal of count five is not required even though it is duplicitous.  Instead, if the evidence presented by the government warrants, defendants may request a jury instruction requiring unanimity on at least one violation of count five.

## CONCLUSION

Defendants' motion to dismiss counts two or three of the superseding indictment as multiplicitous and counts four and five as duplicitous (Doc. No. 146) is denied.  If the evidence presented at trial warrants, defendants may renew their request for a jury instruction on unanimity.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 7, 2006

cc: Counsel of Record