**UNITED STATES DISTRICT COURT**
          **FOR THE DISTRICT OF NEW HAMPSHIRE**

**United States of America**

    **v.**                             Case No. 04-cr-126-01/06-PB

**Robert J. Gagalis, et al.**

### O R D E R

    Robert Gagalis seeks to continue the trial because his lead counsel has an irreconcilable scheduling conflict. His co-defendants join in his request. The government objects.

    The case is scheduled to begin with jury selection on June 5, 2006. Gagalis's lead trial counsel, James Rehnquist, is also lead counsel in <u>SEC v. Treadway</u>, No. 04-cv-3464 (S.D.N.Y.), a Securities and Exchange Commission enforcement action that is scheduled for trial on June 19, 2006 before Judge Marrero. The <u>Treadway</u> case predates this action and it has been rescheduled once before because of a conflict with a prior trial date in this case. The trial is expected to take two weeks. Judge Marrero is understandably unwilling to continue the <u>Treadway</u> case yet again

because his trial docket for the next 12 months is full and the SEC will not consent to a July trial before a Magistrate Judge. Thus, if I deny Gagalis's motion, Rehnquist will either have to withdraw as counsel in this matter or withdraw as counsel in Treadway.

The government argues that the motion to continue should be denied and Rehnquist should be forced to choose between Gagalis and Treadway.  It argues that Rehnquist can be forced to make this choice because he is a partner in a large law firm and one of his partners could fill in for him as lead counsel in either this case or Treadway.  Alternatively, it contends that Gagalis's local counsel, Cathy Green, could assume the role of lead counsel in this case while Rehnquist tries Treadway.

Although I would very much like to try this case as scheduled, I am unwilling to force Rehnquist to make the choice that the government urges upon him.  Both Gagalis and Treadway are complex cases that have required substantial pretrial preparation.  Both cases will take multiple weeks to try.  It is simply unrealistic to expect one of Rehnquist's partners, with his or her own busy law practice, to drop everything and be ready for trial in either Treadway or this case with only two months to

prepare for trial.  Further, although Gagalis's local counsel is a skilled criminal defense lawyer, she does not, to my knowledge, have substantial experience in securities law.  Under the circumstances, it would simply not be fair to force Gagalis to trial without the lawyer that he has selected to lead his defense.

The next available date by which all parties will be available for trial is November 7, 2006.  In granting the motion to continue the trial until this date, I find pursuant to 18 U.S.C.A. § 3161(h)(8)(A) that for the above-stated reasons, the ends of justice served in granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

The parties are on notice that further continuances will not be tolerated.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 19, 2006

cc: Counsel of Record

-3-